UNITED STATES BANKRUPCTY COURT
DISTRICT OF NEW MEXICO

IN RE:

Jesse Lee Maxon aka Jesse L. Maxon and Shannon Danielle Maxon,

Debtors.                                    Case No. 18-12320-ja7

**DEFAULT ORDER GRANTING RELIEF FROM STAY AND
ABANDONMENT OF PROPERTY LOCATED AT
5323 River Ridge Ave NW, Albuquerque, NM 87114**

This matter came before the Court on the Motion for Relief from Stay and Abandonment of Property filed on 11/2/2018, Docket No. 16 (the "Motion"), by Wells Fargo Bank, N.A. ("Movant"). The Court, having reviewed the record and the Motion, and being otherwise sufficiently informed, FINDS:

(a) On 11/2/2018, Movant served the Motion and notice of the Motion (the "Notice") on counsel of record for Debtors, Jesse Lee Maxon and Shannon Danielle Maxon, and the case trustee, Edward Alexander Mazel, (the "Trustee") by use of the Court's case management and electronic filing system for the transmission of notices, as authorized by Fed.R.Civ.P. 5(b)(3) and NM LBR 9036-1, and on the Debtors and US

Trustee by United States first class mail, in accordance with Bankruptcy Rules 7004 and 9014;

    (b)    The Motion relates to the following property legally described as:

Lot numbered Two Hundred Forty-four-P1 (244-P1), Plat of STONEBRIDGE SUBDIVISION, UNIT 4, Albuquerque, New Mexico, as the same is shown and designated on the plat thereof, filed in the office of the County Clerk of Bernalillo County, New Mexico, on June 25, 2001, in Book 2001C, Page 179.

and commonly known as: 5323 River Ridge Ave NW, Albuquerque, NM 87114;

    (c)    The Notice specified an objection deadline of 21 days from the date of service of the Notice, to which three days was added under Bankruptcy Rule 9006(f);

    (d)    The Notice was sufficient in form and content;

    (e)    The objection deadline expired on 11/23/2018;

    (f)    As of 12/5/2018, no objections to the Motion have been filed;

    (g)    The Motion is well taken and should be granted as provided herein; and

    (h)    By submitting this Order to the Court for entry, the undersigned counsel for Movant certifies under penalty of perjury that on 12/5/2018, McCarthy & Holthus, LLP searched the data banks of the Department of Defense Manpower Data Center ("DMDC") and found that the DMDC does not possess any information indicating that the Debtors are currently on active military duty of the United States.

**IT IS THEREFORE ORDERED:**

1.    Pursuant to 11 U.S.C. §362(d), Movant and any and all holders of liens against the Property, of any lien priority, are hereby granted relief from the automatic stay:

    (a)    To enforce their rights in the Property, including foreclosure of liens and a foreclosure sale, under the terms of any prepetition notes, mortgages, security

agreements, and/or other agreements to which Debtors is a party, to the extent permitted by applicable non-bankruptcy law, such as by commencing or proceeding with appropriate action against the Debtors or the Property, or both, in any court of competent jurisdiction; and

      (b)     To exercise any other right or remedy available to them under law or equity with respect to the Property.

      2.     The Property is hereby abandoned pursuant to 11 U.S.C. §554 and is no longer property of the estate. Creditor shall not be required to name the Trustee as a defendant in any action involving the Property or otherwise give the Trustee further notice.

      3.     The automatic stay is not modified to permit any act to collect any deficiency or other obligation as a personal liability of the Debtors, although the Debtors can be named as a defendant in litigation to obtain an *in rem* judgment if Debtors are granted a discharge, or to foreclose the Property in accordance with applicable non-bankruptcy law. Nothing contained herein shall preclude Creditor or and any and all holders of liens against the Property, from proceeding against the Debtors personally, to collect amounts due, if Debtors' discharge is denied or if Debtors' bankruptcy is dismissed.

      4.     This Order shall continue in full force and effect if this case converted to a case under another chapter of the Bankruptcy Code.

      5.     This Order is effective and enforceable upon entry. The 14-day stay requirement of Fed.R.Bankr.P. 4001(a)(3) is waived.

6. Movant is further granted relief from the stay to engage in loan modification discussions or negotiations or other settlement discussions with the Debtors and to enter into a loan modification with the Debtors.

###END OF ORDER###

**RESPECTFULLY SUBMITTED BY:**

**/s/ Daniel Grunow**
**McCarthy & Holthus, LLP**
**Daniel Grunow, Esq.**
**Attorney for Movant,**
**6501 Eagle Rock NE, Suite A-3**
**Albuquerque, NM 87113**
**(505) 219-4900**
**/s/ submitted electronically 12/6/2018**
**dgrunow@mccarthyholthus.com**

COPIES TO:

**DEBTORS**
Jesse Lee Maxon
5323 River Ridge Avenue, NW
Albuquerque, NM 87114

Shannon Danielle Maxon
5323 River Ridge Avenue, NW
Albuquerque, NM 87114

**DEBTOR(S) COUNSEL**
James Clay Hume
James@hume-law-firm.com

**CASE TRUSTEE**
Edward Alexander Mazel
edmazeltrustee@askewmazelfirm.com

**US TRUSTEE**

PO Box 608
Albuquerque, NM 87103-0608

**SPECIAL NOTICE**
Synchrony Bank
claims@recoverycorp.com